UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLLIE BAILEY, 39-099-228,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**
10-CV-324A
96-CR-105A

---

I.    **INTRODUCTION**

Pending before the Court is a motion by petitioner Collie Bailey to vacate his 1996 sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that his attorney in 1996 coerced him into signing his plea agreement and failed to advise him of the immigration consequences of his plea. Petitioner now asserts that his conviction is invalid under *Padilla v. Kentucky*, 130 S. Ct. 1473 (Mar. 31, 2010), which established that failure to advise a criminal defendant of immigration consequences can constitute ineffective assistance of counsel under certain circumstances. Respondent moved to dismiss petitioner's motion on the grounds that petitioner is not in custody and is too late to seek relief, and that *Padilla* cannot provide the relief that petitioner seeks. For the reasons below, the Court will deny petitioner's motion and grant respondent's motion.

## II. BACKGROUND

Petitioner's 1996 criminal case concerned allegations of perjury before a grand jury. According to petitioner's plea agreement (Dkt. No. 25-2), petitioner voluntarily testified before a federal grand jury on June 7, 1996. During that grand jury proceeding, petitioner testified falsely about his name, citizenship, and date and place of birth. Respondent subsequently charged petitioner with one count of perjury in violation of 18 U.S.C. § 1621(1).

Petitioner resolved the perjury charge against him by entering his plea agreement, which was filed with the Clerk of the Court on June 21, 1996. In paragraph 11 of the plea agreement, defendant agreed not to appeal any sentence that fell within the sentencing range set forth earlier in the agreement. The final page of the plea agreement, above petitioner's signature, stated that "I have read this plea agreement, which consists of 6 pages. I have had a full opportunity to discuss this agreement with my attorney . . . . This plea agreement contains the entire agreement between the government and me. No promises or representations have been made to me other than what is contained in this plea agreement. I fully agree with the contents of this agreement, and I am signing it freely and voluntarily."[1] Petitioner was sentenced to a term of

---

[1] Unfortunately, petitioner's plea proceeding occurred so long ago that a transcript of that proceeding is unavailable to confirm that petitioner accepted the plea agreement, as the last page of the agreement indicates.

imprisonment of six months on September 25, 1996. Petitioner served his entire sentence and never appealed either his conviction or his sentence. Also, petitioner never attempted a collateral attack on his plea or his sentence prior to the motion that is pending now in this case.

The immigration issues that prompted petitioner to file the pending motion began after he served his term of imprisonment. Upon completion of petitioner's prison term in 1997, respondent began removal proceedings that it terminated that year. Petitioner left the United States for Canada in July 2000 but then was detained that month as an inadmissible alien when he attempted to return. The docket for this case indicates that petitioner has been in and out of immigration proceedings since, and currently is in immigration custody.[2]

Petitioner filed the pending motion on April 19, 2010, a few weeks after the United States Supreme Court issued *Padilla*. In support of his motion, petitioner asserts that his case resembles *Padilla* in that his attorney never advised him of the immigration consequences of taking his plea. Petitioner asserts that he never would have taken his plea had he known that the plea would have led to the immigration proceedings that he has experienced. In opposition to petitioner's motion and in support of its motion to dismiss, respondent notes that

---

[2] The Court will not pass on any aspect of petitioner's immigration detention at this time since petitioner has not sought relief under 28 U.S.C. § 2241.

3

no proceedings occurred in this case between petitioner's sentencing in 1996 and the filing of his pending motion nearly 14 years later. In that context, respondent asserts further that nothing in *Padilla* suggests that its holding allows for equitable tolling and retroactive application.

III. DISCUSSION

    A. Waiver

"In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Here, petitioner received the benefit of a plea agreement that reduced his term of imprisonment from a possible maximum of five years to six months. Petitioner signed the agreement and thereby acknowledged that he was entering the agreement voluntarily. Petitioner claims now that he never read the plea agreement and that his attorney showed him only the last page, but even if that were true, he has not detailed what coercion he allegedly suffered that would have prompted him to sign the plea agreement anyway. Petitioner then spent the next 13–14 years taking no action to appeal or to attack his plea and sentence, a period of time that extends beyond any calculation of when petitioner's custody ended. *See, e.g.*, 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not

4

extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."); *Eisa v. Immigration & Customs Enforcement*, No. 08 Civ. 6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) ("Moreover, a petitioner in immigration detention or under a final order of removal as a result of a criminal conviction is not considered 'in custody' for the purposes of Section 2255.") (citations omitted). Under these circumstances, petitioner waived his right to collateral attack of his sentence and has made no showing that the waiver should be disturbed after nearly 14 years of silence.

### B. *Padilla*

The facts and circumstances of *Padilla* differ enough from petitioner's situation that petitioner cannot use this year's issuance of that case as an excuse to justify well over a decade of inactivity in this case. In *Padilla*, the defense attorney in question told the defendant explicitly that he would face no immigration consequences because he had lived in the country for over 40 years. 130 S. Ct. at 1478. Here, petitioner himself states that the supposed denial of immigration consequences came from the prosecutor, not his attorney. In *Padilla*, the defendant challenged his conviction on direct appeal within two years of entry of final judgment and thus never needed to rely on equitable tolling or retroactive applicability. *See Commonwealth v. Padilla*, 253 S.W.3d 482, 483 (Ky. 2008), *rev'd and remanded*, 130 S. Ct. 1473. Here, petitioner never challenged his plea and sentence, either on appeal or through collateral

5

attack.  Finally, the Supreme Court in *Padilla* stressed how obvious the immigration consequences were of that defendant's conviction and thus how easily the attorney in question could have discovered those consequences.  *See* 130 S. Ct. at 1483 ("But when the deportation consequence [of a drug conviction] is truly clear, as it was in this case, the duty to give correct advice is equally clear.").  Here, the explicit definition of perjury as a crime of moral turpitude that exists in today's immigration statute did not exist in the 1996 version.  *Compare* 8 U.S.C. § 1101(43)(S) (Westlaw 2010) ("The term 'aggravated felony' means . . . an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year . . . .") *with* 8 U.S.C. § 1101 (Westlaw 1996) (no mention of perjury in the statute's definitions).  Although the link between perjury and moral turpitude appears to have existed in immigration-related case law for decades, *see, e.g., Petition of Moy Wing Yin*, 167 F. Supp. 828, 830 (S.D.N.Y. 1958) (linking moral turpitude and perjury), this case lacks the level of statutory clarity that was present in *Padilla*.  Under these circumstances, petitioner's situation is not so close to that in *Padilla* that this Court should ignore the last 14 years and declare an automatic violation of petitioner's Sixth Amendment rights.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court denies petitioner's motion and grants respondent's motion to dismiss. The Clerk of the Court is directed to close the civil case related to petitioner's motion.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 25, 2010